Filed 11/4/13  P. v. Barnes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as speocified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056547 |
| v. | (Super.Ct.No. RIF127702) |
| JOHNNIE LEE BARNES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas M. Kelly, Judge. (Retired judge from Santa Cruz Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In *People v. Barnes* (Feb. 10, 2012, E050704 [nonpub. opn.]) this court noted that defendant had been convicted by a jury of three counts of robbery, during which he used a firearm, and two counts of being an ex-felon in possession of a firearm. (*Id*. at p. 2.) We further noted that in bifurcated proceedings, the trial court found true allegations that defendant had suffered convictions for two serious offenses and two strike priors and that he had been sentenced to prison for two terms of 25 years to life, plus 23 years, four months. (*Ibid*.) We affirmed his convictions and the true findings for his 1992 prior, but reversed the true findings for his 1997 federal bank robbery conviction on the basis of insufficiency of the evidence. (*Id*. at pp. 2, 13.) We gave the People the option of retrying defendant on the allegations concerning that prior (*id*. at p. 13), which they did. The trial court again made true findings as to it. Defendant here contends that the evidence presented was insufficient to sustain the trial court's findings. We disagree.

As we noted in our prior opinion, under Title 18 United States Code section 2113(a), there are three ways for a person to commit federal bank robbery, one of which, as is relevant here, is to by force and violence, or by intimidation, take from the person or presence of another any property or money or other thing of value, which is in the care, custody, control, management or possession of any bank. (*People v. Barnes*, *supra*, E050704 at pp. 6-7.) The other two ways are the taking of that same property by extortion and by committing burglary (entering the bank with the intent to commit a felony involving the bank). (*Ibid*.) Also, as we noted, Penal Code section 1192.7, subdivision (c), which provided the list of offenses that are deemed serious for purposes of Penal Code section 667, subdivision (a) and strikes for purposes of Penal Code section

2

667, subdivisions (b)-(i), includes only the first way in which a federal bank robbery is committed. (*People v. Barnes*, *supra*, E050704, at pp. 7-8.)

At the court trial on the truth of the allegations concerning defendant's 1997 federal conviction, the People introduced, in addition to the exhibits that had been introduced at the first trial, the single count indictment which charged that defendant "by force, violence, and intimidation, knowingly took from the person or presence of another, approximately $4,864.00 belonging to and in the care, custody, control, management, and possession of Glendale Federal Bank . . . ." The minutes of the federal court, which bore the same case number as that on the indictment, noted that defendant pled guilty[1] to the indictment.

Defendant here repeats the argument he made unsuccessfully below that because the clerk of the court (presumably) indicated that defendant pled guilty to the indictment by checking boxes on the minutes form and typing in the number of the count to which defendant pled, it is somehow insufficient to satisfy the People's burden of proof beyond a reasonable doubt that he pled guilty to the first type of federal bank robbery. We disagree. Court minutes are powerful instruments, which is why we take the time to correct them when they are erroneous, and this, unfortunately, happens with a fair amount of frequency. Outside of the indictment and the minutes of the taking of defendant's plea, only a transcript of the taking of that plea by the federal judge could possibly have proved that he pled guilty to the type of federal bank robbery that entitled him to

---

[1] Defendant incorrectly asserts that he pled no contest.

enhancements under California law.  Defendant cites no authority holding that only a transcript of the taking of the plea is sufficient proof.  In his reply brief, defendant appears to assert that because the minutes of the taking of the plea did not specifically state that defendant was pleading guilty to the count "as charged in the indictment" the proof was insufficient.  Again, defendant cites no authority in support of this assertion. Therefore, we concluded that there was sufficient evidence that defendant suffered a conviction for a serious offense and a strike prior for his 1997 federal bank robbery conviction.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.